```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

UNITED STATES OF AMERICA,   :
                            :   NO. 1:04-CR-00034
                            :   Civil No: 1:05-cv-00356
    v.                      :   **OPINION & ORDER**
                            :
                            :
DARNELL DUKES               :
                            :
                            :
                            :
                            :
                            :

        This matter is before the Court on the Defendant's Motion to Vacate under 28 U.S.C. § 2255 (doc. 52), the Government's Response thereto (doc. 58), and the Defendant's Reply (doc. 60). On March 17, 2004, the Defendant was charged by the Federal Grand Jury in a four count Indictment with firearms and drug offenses. The Defendant subsequently entered a plea of guilty on May 26, 2004 to Count 1 of the indictment, charging him with Possession of a Firearm by a Prohibited Person in violation of Title 18 U.S.C. § 922(g)(1).  As a result of this plea, the Government agreed to dismiss the three remaining counts.  In the Defendant's negotiated Plea Agreement ("Agreement") (doc. 27), he expressly acknowledged that sentencing would be "imposed pursuant to the Sentencing Reform Act and the Sentencing Act Guidelines."  Additionally, the Defendant also "waive[d] all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed" in consideration of reciprocal concession by the Government.

The Defendant asks this Court to vacate the prior sentence for myriad reasons.  First, the Defendant claims that, despite the text of the Agreement, the Court indicated at sentencing that the Defendant would have the right to appeal.[1] Moreover, the Defendant contends that his lawyer failed to file an appeal, despite requests by the Defendant that he do so, and further that this failure was presumptively prejudicial to the Defendant.  The Defendant avers that the resultant prejudice entitles him to make a belated direct appeal.  United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005).  The Defendant further asserts that he is, at the very least, entitled to an evidentiary hearing to determine the truth of these allegations.

This Court can find no grounds to grant the Defendant's Motion to Vacate.  The text of the Agreement establishes that the Defendant knowingly waived his right to appeal.  Moreover, at the Sentencing Hearing, the Court stated that the Defendant "*may* have the right to appeal," not that such a right was guaranteed.  Accordingly, the language of the Court does nothing to confuse or invalidate the nature of the Agreement.  As such, the waiver is an acceptable tool in plea negotiations and must be upheld when entered into knowingly.  United States v. Stubbs, 279 F.3d 402, 410 (6th Cir. 2002).

---

[1] To support this proposition, the Defendant's reply (doc. 60) cites to the Sentencing Transcripts in which the Court stated: "[Y]ou may have the right to appeal your sentence."

Furthermore, this Court must dismiss the contention that the Defendant was prejudiced by the refusal of his attorney to file an appeal after sentencing. The Defendant has presented no evidence to support this claim and, given that the attorney was involved in the formation of the Plea Agreement, this Court can only assume that the attorney rightly recognized how futile such an appeal would be. Since the Plea Agreement represents a valid contract between the Government and the Defendant, the waiver of the right to appeal must be upheld. The claims of counsel's impropriety are thus moot and bear no further evidentiary investigation by this Court.

Accordingly, this Court DENIES the Defendant's Motion to Vacate.

SO ORDERED.

Dated: August 16, 2005        /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge